**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **ARMANDO NAJERA,** | § | |
| *Petitioner,* | § | |
| | § | |
| **v.** | § | **No.  1:25-CV-01737-DAE-DH** |
| | § | |
| **WARDEN, FCI BASTROP,** | § | |
| *Respondent* | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE DAVID A. EZRA
       SENIOR UNITED STATES DISTRICT JUDGE

Before the Court are petitioner Armando Najera's petition for habeas corpus pursuant to 28 U.S.C. § 2241, Dkt. 1, Respondent Warden, FCI Bastrop's ("Respondent") motion to dismiss, Dkt. 8, and all related briefing. The undersigned submits this report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas. The undersigned recommends that the District Judge grant Respondent's motion to dismiss, Dkt. 8, and deny Najera's petition, Dkt. 1.

## I.    BACKGROUND

Najera is serving a 48-month federal prison sentence for conspiracy to possess with intent to distribute a quantity of fentanyl. Dkt. 8-1, at 2. He is confined at the Federal Correctional Institute ("FCI") in Bastrop County, Texas. Dkts. 1, at 2; 8-1, at 8. Najera's current projected release date is March 25, 2028, based on "good conduct time." Dkts. 8-1, at 2-3, 7. In his petition, Najera alleges that Respondent failed to

1

properly apply earned-time credits to his sentence pursuant to the First Step Act ("FSA") and Second Chance Act ("SCA") such that he should have been eligible for prerelease custody on December 7, 2025, and will be eligible for home confinement on May 1, 2026. Dkt. 1, at 1, 4-5. Respondent moved to dismiss Najera's petition, arguing that Najera failed to exhaust his administrative remedies, that the Bureau of Prisons ("BOP") properly calculated his time credits, and that this Court lacks jurisdiction to review BOP's determination as to where Najera is housed. Dkt. 8, at 4-15. Najera opposed the motion, asking the Court to excuse his failure to exhaust and insisting that Respondent's interpretation of the FSA is "overly restrictive." Dkt. 9, at 2-6. In reply, Respondent maintains that Najera's failure to exhaust his claims requires dismissal of his claim and that the BOP properly calculated all credits applicable to his sentence. Dkt. 10, at 1-3.

## II.   LEGAL STANDARD

A petitioner may seek habeas relief under 28 U.S.C. § 2241(c)(3) if he is "in custody in violation of the Constitution or laws or treaties of the United States." A prisoner bringing a section 2241 petition is limited to attacking "the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Under 18 U.S.C. § 3585(b), the authority to grant or deny sentencing credit is specifically reserved to the Attorney General and delegated to the BOP. *United States v. Wilson*, 503 U.S. 329, 337 (1992). The BOP has the statutory authority to decide "*where* a federal sentence will be served, *when*

2

it begins, and, in certain respects, *how long* it will last." *United States v. Aparicio*, 963 F.3d 470, 478 (5th Cir. 2020) (citation omitted). Prisoners may seek judicial review of the computation after exhausting administrative remedies with the BOP. *Id.*

A petitioner must exhaust his administrative remedies through the BOP before filing a section 2241 petition. *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012). The exhaustion requirement is mandatory, and "courts have zero discretion to hear unexhausted claims" unless administrative remedies are not "available." *Valentine v. Collier*, 978 F.3d 154, 160 (5th Cir. 2020). An administrative remedy is unavailable when (1) "it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates," or (2) "the relevant administrative procedure lacks authority to provide any relief." *Ross v. Blake*, 578 U.S. 632, 638, 643 (2016). "Whether a grievance process is available does not depend on the relief that can be granted; exhaustion is not excused just because inmates cannot obtain the precise relief they seek." *Valentine*, 978 F.3d at 161. The petitioner bears the burden to show that the exception applies. *Hinojosa v. Horn*, 896 F.3d 305, 314 (5th Cir. 2018).

### III.    DISCUSSION

In his petition, Najera complains that the BOP's calculation of his FSA and SCA credits is "contrary to law" and asks the Court to "recalculate his sentence consistent with this petition." Dkt. 1, at 4-5. In the motion to dismiss, Respondent argues that Najera's petition should be dismissed because he failed to exhaust his

administrative remedies and such a failure is not excused by any extraordinary circumstances. Dkt. 8, at 4-7. Najera responds by suggesting that "exhaustion should be excused" here because "the agency's interpretation is predetermined" and "[d]elayed judicial review risks the loss of statutory credits and unnecessary prolonged custody." Dkt. 9, at 3-4. In reply, Respondent emphasizes that Najera does not deny that he has failed to exhaust his administrative remedies and argues that he has not shown that administrative relief is unavailable or that this case is time-sensitive. Dkt. 10, at 1-2. The undersigned agrees.

A federal prisoner challenging the BOP's calculation of his sentence must seek relief through BOP's multi-tiered administrative remedy program. 28 C.F.R. § 542.10(a). First, the prisoner must attempt to informally resolve his complaint with prison staff. *Id.* § 542.13(a). If he is not satisfied with that result, he may submit a formal written complaint to the warden. *Id.* § 542.14. If he is unsatisfied with the warden's response, he may appeal to the BOP regional director. *Id.* § 542.15(a). If still not satisfied, the prisoner may appeal to the BOP's Office of the General Counsel. *Id.* A prisoner may only file a section 2241 petition in federal court if he completes all four of these administrative steps. *Petzold v. Rostollan*, 946 F.3d 242, 254 (5th Cir. 2019). Exhaustion of administrative remedies "means using all steps that the agency holds out, and doing so properly." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

Here, it is undisputed that Najera did not exhaust his administrative remedies. *See* Dkts. 1; 8; 9. Najera also has not shown that administrative remedies are not available. He argues that exhaustion would have been futile because "the agency's

interpretation is predetermined and relief is [thus] unavailable through the administrative process[.]" Dkt. 9, at 3. Yet "the mere fact that Petitioner believes his administrative review will be denied does not make this remedy futile." *Herman v. Wendt*, No. 3:03-CV-1204-D, 2004 WL 68018, at *2 (N.D. Tex. Jan. 13, 2004), *R. & R. adopted*, 2004 WL 557290 (N.D. Tex. Feb. 11, 2004). Najera has not shown that the administrative remedies available to him either "operate[] as a simple dead end," are "incapable of use," or that "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross*, 578 U.S. at 643.

Najera's further argument that exhaustion should be excused because the time it would take to complete "risks the loss of statutory credits and unnecessary prolonged custody" is not well taken given that he does not claim he is otherwise eligible for immediate release and the maximum time for resolution of an administrative claim would be 160 days. Dkt. 10, at 2 (citing 28 C.F.R. § 542.18). That exhaustion may take time "is insufficient to excuse exhaustion" and "there is no reason to assume that prison administrators will not act expeditiously." *Mora v. Rosalez*, No. 1:22-CV-01156-LY-SH, 2023 WL 2817996, at *2 (W.D. Tex. Apr. 5, 2023), *R. & R. adopted*, No. 1:22-CV-1156-DII, 2023 WL 3612332 (W.D. Tex. May 23, 2023) (citations omitted); *Graham v. Fed. Bureau of Prisons*, No. EP-22-CV-348-DCG, 2022 WL 5236837, at *2 (W.D. Tex. Oct. 4, 2022). Moreover, if Najera is correct that the BOP miscalculated his credits, it "should have the opportunity to correct the error before he is permitted to seek judicial intervention." *Graham*, 2022 WL 5236837, at

*2. Najera's petition should be dismissed for failure to exhaust his administrative remedies.

## IV.    CONCLUSION

Based upon the foregoing, the undersigned **RECOMMENDS** that the District Judge **GRANT** Respondent's motion to dismiss, Dkt. 8.

The undersigned **FURTHER RECOMMENDS** that Najera's petition, Dkt. 1, be dismissed without prejudice.

The referral of this case to the Magistrate Judge should now be canceled.

## V.    WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations within fourteen days after the party is served with a copy of the report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SIGNED April 24, 2026.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE