IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ARMANDO NAJERA, | § | No. 1:25-CV-1737-DAE |
| Petitioner, | § | |
| | § | |
| vs. | § | |
| | § | |
| WARDEN, FCI BASTROP, | § | |
| Respondent. | § | |
| | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATIONS
## OF THE MAGISTRATE JUDGE

Before the Court is the Report and Recommendations ("the Report") submitted by United States Magistrate Judge Dustin M. Howell.  (Dkt. # 11.) Neither party has objected to the Report.  The Court finds this matter suitable for disposition without a hearing.  After reviewing the Report, the Court **ADOPTS** the Report of Magistrate Judge Howell and **GRANTS** Respondent's Motion to Dismiss.  (Dkts. ## 11; 8.)

## BACKGROUND

The Court recites the background facts as stated by the Magistrate Judge.  (Dkt. # 11.)  Petitioner, Armando Najera ("Najera"), is serving a 48-month federal prison sentence for conspiracy to possess with intent to distribute a quantity of fentanyl.  (Dkt. 8-1, at 2.)  He is confined at the Federal Correctional Institute

("FCI") in Bastrop County, Texas.  (Dkts. ## 1 at 2; 8-1 at 8.)  Najera's current projected release date is March 25, 2028, based on "good conduct time."  (Dkt. # 8-1 at 2–3, 7.)  In his Petition, Najera alleges that Respondent failed to properly apply earned-time credits to his sentence pursuant to the First Step Act ("FSA") and Second Chance Act ("SCA") such that he should have been eligible for prerelease custody on December 7, 2025, and will be eligible for home confinement on May 1, 2026.  (Dkt. # 1 at 1, 4–5.)  Respondent moved to dismiss Najera's Petition, arguing that Najera failed to exhaust his administrative remedies, that the Bureau of Prisons ("BOP") properly calculated his time credits, and that this Court lacks jurisdiction to review BOP's determination as to where Najera is housed.  (Dkt. # 8 at 4–15.)  Najera opposed the motion, asking the Court to excuse his failure to exhaust and insisting that Respondent's interpretation of the FSA is "overly restrictive."  (Dkt. # 9 at 2–6.)  In Reply, Respondent maintains that Najera's failure to exhaust his claims requires dismissal of his claim and that the BOP properly calculated all credits applicable to his sentence.  (Dkt. # 10 at 1–3.)

The Court referred this matter to United States Magistrate Judge Dustin M. Howell by Standing Order on October 27, 2025.  (Dkt. # 2.)  Magistrate Judge Howell filed his Report and Recommendations regarding Respondent's Motion to Dismiss on April 24, 2026.  (Dkt. # 11.)  Neither Petitioner nor Respondent have filed any objections to the Report.

<u>DISCUSSION</u>

Where, as here, none of the parties objected to the Magistrate Judge's findings, the Court reviews the Report for clear error.  <u>United States v. Wilson</u>, 864 F.2d 1219, 1221 (5th Cir. 1989).  After careful consideration, the Court adopts the Magistrate Judge's Report.  The Court finds the Magistrate Judge's conclusion that Najera failed to exhaust all four administrative steps prior to filing suit in federal court is reasonable and absent of clear error.  (Dkt. # 11 at 4–6.)  Therefore, the Court determines that the Magistrate Judge's conclusions and recommendations are neither clearly erroneous nor contrary to law.

Accordingly, the Court **ADOPTS** the Report and Recommendations by the Magistrate Judge as the opinion of the Court.  (Dkt. # 11.)  Further, the Court **GRANTS** Respondent's Motions to Dismiss.  (Dkt. # 8.)  The Clerk's Office is **INSTRUCTED TO CLOSE THE CASE**.

**IT IS SO ORDERED.**

**DATE:** Austin, Texas, May 28, 2026.

_____
David Alan Ezra
Senior United States District Judge